UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cecilia Tillman,

    Plaintiff,

v.                                         Case No. 11-10994

Macy's Inc.,                       Honorable Sean F. Cox

    Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S MOTION TO STAY PROCEEDINGS DURING APPEAL

Acting *pro se*, on March 14, 2011, Plaintiff Cecilia Tillman ("Plaintiff") filed this employment discrimination action against her former employer, Defendant Macy's, Inc. ("Defendant"). Thereafter, Defendant filed a motion seeking to compel arbitration of Plaintiff's claims. This Court denied that motion in an Opinion & Order issued on December 21, 2011. (Docket Entry No. 33). Defendant has since filed a Notice of Appeal, appealing this Court's denial of its Motion to Compel Arbitration in the United States Court of Appeals for the Sixth Circuit.

On December 21, 2011, Defendant filed a "Motion to Stay Proceedings During Appeal." (Docket Entry No. 32). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs.

Defendant asks this Court to stay all proceedings in this action until the Sixth Circuit

1

determines the merits of its appeal and assert two bases for its request. First, Defendant contends that its appeal divests this Court of jurisdiction to proceed further in this action. Second, Defendant contends that even if the Court determines that Defendant's appeal does not divest this Court of jurisdiction, the Court should stay this action pursuant to its inherent power to stay proceedings. For the reasons that follow, the Court shall DENY Defendant's Motion to Stay Proceedings During Appeal.

**A.     The Sixth Circuit Has Not Joined Those Circuits Who Have Held That A Trial Court Is Automatically Divested Of Jurisdiction When A Party Appeals An Order Denying A Motion To Compel Arbitration**

Defendant exercised its right to file an interlocutory appeal of this Court's denial of its Motion to Compel Arbitration. *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 383 Fed.Appx. 517, 520 (6th Cir. 2010) (Court of Appeals has jurisdiction over interlocutory appeal of district court's order denying motion to compel arbitration).

"Whether an appeal from a denial of a motion to compel arbitration divests the district court of jurisdiction to proceed to the merits is the subject of a circuit split." *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 907 (5th Cir. 2011).

The Fourth, Seventh and Eleventh Circuits have held that a district court is automatically divested of jurisdiction by the filing of an appeal that alleges that the claims before the district court are subject to mandatory arbitration. *Levin v. Alms and Assocs., Inc.,* 634 F.3d 260 (4th Cir. 2011); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004). The Sixth Circuit has not adopted this position.

The Second, Fifth and Ninth Circuits have held that no such divestiture occurs. *Motorola*

*Credit Corp. v. Uzan,* 388 F.3d 39, 54 (2d Cir. 2004) (holding that, absent an order from the court of appeals imposing a stay, the district court has jurisdiction to proceed with the case after a notice of appeal has been filed); *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 907 (5th Cir. 2011); *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990). Those circuits have concluded that while there is no automatic stay, "the district court nonetheless retains the power to determine, on a case-by-case basis, whether proceedings should be stayed until the appeal regarding arbitrability has been resolved." *See, e.g., Weingarten Realty Investors*, 661 F.3d at 908.

Because the Sixth Circuit has not joined those circuits who have held that a trial court is automatically divested of jurisdiction upon the filing of a notice of appeal alleging that the claims are subject to arbitration, the Court concludes that it is not automatically divested of jurisdiction. Nevertheless, this Court retains the discretion to determine, on a case-by-case basis, whether the proceedings in this action should be stayed pending the appeal.

**B.     This Court Declines To Grant A Discretionary Stay Under The Circumstances Presented Here**

To determine whether a discretionary stay should be granted, the Court should consider the following four factors: 1) whether the stay applicant has made a strong showing on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and 4) whether public interest favors a stay. *Weingarten Realty Investors*, 661 F.3d at 910. Defendant agrees that these are the appropriate factors to be considered by the Court in evaluating their request for a discretionary stay. (*See* Def.'s Br. at 5).

Although not dispositive, the first factor weighs against a discretionary stay here because

this Court has already determined that Plaintiff did not agree to arbitrate her claims or waive her right to a jury trial.

The Court also concludes that Defendant will not be irreparably injured absent a stay. Defendant contends that it will suffer irreparable injury if it is required to litigate the case in this Court. But under the circumstances of this particular case, allowing discovery to proceed will not cut against the efficiency and cost-savings purposes generally attributed to arbitration. Unlike many arbitration programs, Defendant's arbitration program, the arbitration program that Defendant alleges that Plaintiff agreed to, provides for discovery. (*See* Docket Entry No. 11 at 11, stating that under Defendant's arbitration program, the "parties are require to voluntarily disclose all non-privileged documents relied on for claims and defenses, as with Fed. R. Civ. P. 26(a)," and discovery is permitted during arbitration, including the ability to take three depositions and propound interrogatories). Thus, this is not a case where the parties will be engaging in discovery that they would not otherwise be entitled to if the case were arbitrated. The parties would be engaging in discovery regardless of whether that discovery proceeds in this Court or in arbitration.

Moreover, the issuance of a stay could injure Plaintiff in that it would delay resolution of her claims and prevent her from proceeding with discovery during the appeal – discovery that she would be entitled to regardless of whether the case proceeded in this Court or in arbitration.

Having considered these factors, the Court concludes that a stay is not warranted under the facts of this case.

Accordingly, IT IS ORDERED that Defendant's Motion to Stay Proceedings During Appeal is DENIED.

IT IS SO ORDERED.


Dated: January 4, 2012           S/ Sean F. Cox
                                 Sean F. Cox
                                 U. S. District Court Judge


I hereby certify that on January 4, 2012, the foregoing document was served upon counsel of record by electronic means and upon Cecilia Tillman by First Class Mail at the address below:

Cecilia Tillman
4571 Korte
Dearborn, MI 48126


Dated: January 4, 2012           S/ Jennifer Hernandez
                                 Case Manager